KATHRYN WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
PETER DEL GRECO (Cal. Bar No. 164925)
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>RYAN GINSTER,<br><br>    Defendant. | Case No. 5:21-cv-01957-MCS-SP<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND MOTION TO VOLUNTARILY DISMISS ALL CLAIMS AGAINST DEFENDANT RYAN GINSTER**<br><br>Date: May 20, 2024<br>Time: 9:00 a.m.<br>Ctrm: 7C<br>Judge: Honorable Mark C. Scarsi |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff Securities and Exchange Commission ("SEC") hereby moves to dismiss its claims against Defendant Ryan Ginster ("Ginster"). The Commission filed its Complaint against Mr. Ginster on November 18, 2021. (Dkt. No. 1). The SEC now seeks to voluntarily dismiss its complaint against Mr. Ginster because defense counsel has notified the Court, pursuant to Fed. R. Civ. Proc. 25(a), that Mr. Ginster died on December 9, 2023, and the SEC does not intend to substitute his estate or successors as a party. (Dkt. No. 34.)

## II. BACKGROUND

The SEC's complaint alleged that Mr. Ginster orchestrated an unregistered offering fraud between in or about March 2018 and March 2021, raising over $3.6 million in Bitcoin by making misrepresentation to investors and misappropriating investor funds. (*Id*. at ¶¶ 4-9.) The complaint charged him with violations of the antifraud provisions of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, as well as the registration provisions of Sections 5(a) and 5(c) of the Securities Act. (*Id*. at ¶ 10.)

On March 1, 2022, the Court granted a motion to stay the SEC's case against Ginster. (Dkt. No. 19.) The motion was filed by the United States Attorney's Office for the Northern District of California after it had initiated criminal proceedings against Mr. Ginster for the same underlying conduct in *United States v. Ryan Mark Ginster*, Case No. 21-MJ-71802 MAG. (N.D. Cal. 2021). (*Id*.) The Court ordered the parties to file a joint status report within 120 days after it granted the stay, and a further report every 120 days thereafter. (*Id*.) It further ordered the parties to notify the Court within seven days of the conclusion of criminal proceedings. (*Id*.)

On October 24, 2023, after defendant had been partially sentenced in the criminal matter to a 27-month prison term, the parties notified the Court that they had

been able to agree upon the material terms of a settlement to resolve the SEC's civil case against Mr. Ginster and anticipated it would take 45 days for the SEC Commissioners to act on the proposed settlement. (Dkt. No. 32.) On December 8, 2023, the parties advised the Court they were still waiting for the signed settlement documents to be received by the SEC, which had taken longer than the parties expected because Mr. Ginster was in federal prison. (Dkt. No. 33.)

However, on January 8, 2024, before the SEC received the signed settlement documents from Mr. Ginster, his counsel notified the Court that defendant had died in prison on December 9, 2023. (Dkt. No. 34.) The following day, on January 9, 2024, the Court ordered the parties to meet and confer on, among other things, whether the SEC claims survived Mr. Ginster's death and, if so, whether the SEC intended to substitute his estate as a party. (Dkt. No. 35.) On January 23, 2024, the parties notified the Court that the SEC was already in the process of seeking a determination from the SEC Commissioners whether it would dismiss its claims against Mr. Ginster and subsequently projected that it would take until April 18, 2024, for the SEC Commissioners to make this determination. (Dkt. Nos. 37-39.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that absent a stipulation by the parties, once an answer or motion for summary judgment has been filed "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

The grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court. 9 Wright & Miller, Federal Practice and Procedure § 2364 (3d ed. 2017). "[A] very significant number of courts have followed the

2

traditional principle recognized by the federal courts that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* (citing, among other cases, *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)).

## IV. ARGUMENT

The Court should grant the SEC's motion to voluntarily dismiss its claims against Mr. Ginster because he is deceased and the Commission has determined not to file a motion pursuant to Fed. R. Civ. Proc. 25(a)(1), seeking to substitute his estate, successors or representatives. Defendant will not suffer any legal prejudice as a result of the dismissal. Mr. Ginster's counsel has advised SEC counsel that he does not object to the SEC's motion for a dismissal and Rule 25(a)(1) provides that the SEC's claims against Ginster "must be dismissed" by the Court, if the SEC does not intend to file a motion seeking to substitute its claims.

## V. CONCLUSION

Accordingly, the SEC respectfully requests that the Court enter the proposed order submitted by the SEC dismissing all of its claims against Mr. Ginster.

Dated: April 18, 2024

Respectfully submitted,

*/s/ Kathryn C. Wanner*
KATHRYN C. WANNER
PETER DEL GRECO
Attorneys for Plaintiff
Securities and Exchange Commission

3

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On April 18, 2024, I caused to be served the document entitled **SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION AND MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST DEFENDANT RYAN GINSTER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 18, 2024      */s/ Kathryn C. Wanner*
                          KATHRYN C. WANNER

4

*SEC v. Ginster*
**United States District Court – Central District of California**
**Case No. 5:21-cv-01957-MCS-SP**

**SERVICE LIST**

David M. Garvin, P.A.
2333 Ponce de Leon Blvd.
Suite 314
Miami, FL 33134
(305) 371-8101
dgarvin@garvin.law
***Attorney for Defendant Ryan Ginster***

Adam G. Gasner, Esq.
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
(415) 782-6000
adam@gasnerlaw.com
***Local Counsel for Defendant Ryan Ginster***